IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VINCENT E. BLACKWELL and ANGELA FORD, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 08 C 7257 ) ) Judge George W. Lindberg |
| ANDREW P. KALINOWSKI, P.W. RYSZKA, KEVIN A. BOYER, TIM E. WOOD, SERGIO LAUREL, MIRABEL CARDONA, and CITY OF CHICAGO, | ) ) ) ) ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Before the Court is defendants' motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated below, the motion is granted in part and denied in part.

In considering a motion to dismiss, the Court must accept as true all well-pleaded facts and must draw all reasonable inferences from those allegations in plaintiffs' favor. See Killingsworth v. HSBC Bank Nev., N.A., 507 F.3d 614, 618 (7th Cir. 2007). The Court may grant a Rule 12(b)(6) motion to dismiss if the complaint lacks "enough facts to state a claim to relief that is plausible on its face." See id. at 618. In order to survive defendants' motion to dismiss, the factual allegations in plaintiffs' complaint "must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The plaintiffs' obligation to provide the grounds of their entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of elements of a cause of action will not do." Id.

According to the allegations in the complaint, in the early morning hours of October 17, 2007, plaintiff Blackwell was seated in the passenger seat of a legally parked car. Plaintiff Ford, who owns the car, had gone into a nearby house. At that time, the individual defendants, who are or were Chicago police officers, approached the car and ordered Blackwell to get out. They searched Blackwell and the car, but found no contraband. Defendants nevertheless arrested Blackwell, and seized the car. At the police station, Blackwell was shown bags containing what appeared to be a controlled substance. When Blackwell protested that he did not have any drugs on him, defendants replied, "You do now." Blackwell was charged with felony drug offenses and traffic charges, and spent two months in jail. After Blackwell prevailed at a suppression hearing, the prosecution dismissed the charges against him.

According to defendants, Ford contested the impoundment of her car in a hearing at the City of Chicago's Department of Administrative Hearings. The hearing officer found Ford liable under City ordinance 7-24-225, which provides:

> The owner of record of any motor vehicle that contains any controlled substance or cannabis, as defined in the Controlled Substances Act, 720 ILCS 570/100, et seq., and the Cannabis Control Act, 720 ILCS 550/1, et seq., . . . shall be liable to the city for an administrative penalty of $1,000.00 plus any applicable towing and storage fees. Any such vehicle shall be subject to seizure and impoundment pursuant to this section.

Municipal Code of Chicago, § 7-24-225(a). The hearing officer imposed a $1,000.00 administrative penalty, plus storage and tow fees totaling $2,685.00. The car has not been returned to Ford.

Plaintiffs' complaint alleges claims of false arrest, unconstitutional search and seizure of the car, and due process violations against the individual defendants under 42 U.S.C. § 1983

2

(Counts I through IV); and state law claims of malicious prosecution and conversion against all defendants (Counts V and VI).

Defendants first contend that collateral estoppel bars plaintiffs' Fourth Amendment, malicious prosecution, false arrest, and conversion claims. Defendants argue that the finding of liability in the impoundment hearing, the transcript of the proceedings at the hearing, and information contained in police reports filed during the hearing, preclude plaintiffs from raising these claims here.

As an initial matter, the Court must determine whether it can consider the hearing officer's finding, the hearing transcript, and the police reports in evaluating defendants' motion to dismiss. Although the Court generally limits its examination of a Rule 12(b)(6) motion to dismiss to consideration of allegations in the complaint, it may take judicial notice of "matters of public record" without converting the motion to a summary judgment motion. See General Elec. Capital Corp. v. Lease Resolution Corp., 128 F.3d 1074, 1080 (7th Cir. 1997). The Court may take judicial notice of records of an administrative proceeding. See Fornalik v. Perryman, 223 F.3d 523, 529 (7th Cir. 2000); Opoka v. INS, 94 F.3d 392, 394 (7th Cir. 1996). However, "courts generally cannot take notice of findings of fact from other proceedings for the truth asserted therein because these findings are disputable and usually are disputed." General Elec. Capital Corp., 128 F.3d at 1082 n.6.

The Court agrees that it may consider the hearing officer's decision and the hearing transcript to determine whether collateral estoppel applies. However, the factual allegations contained in the police reports do not become matters of public record suitable for consideration on a motion to dismiss merely because defendants filed the reports in the administrative

3

proceeding. Accordingly, the Court disregards them.

Collateral estoppel, or issue preclusion, applies if:

> (1) the issue sought to be precluded [is] the same as that involved in the prior litigation, (2) the issue [was] actually litigated, (3) the determination of the issue [was] essential to the final judgment, and (4) the party against whom estoppel is invoked [was] fully represented in the prior action.

See Meyer v. Rigdon, 36 F.3d 1375, 1379 (7th Cir. 1994). "Although strict identity of the parties is not necessary to achieve privity[,] . . . the parties must be so closely aligned that they represent the same legal interest." Kraushaar v. Flanigan, 45 F.3d 1040, 1050 (7th Cir. 1995) (internal quotation marks omitted). Collateral estoppel can apply where the prior case was an administrative proceeding, as long as the administrative agency acted in a judicial capacity to resolve disputed issues of fact properly before it, and as long as the parties had an adequate opportunity to litigate. See Goodwin v. Bd. of Trustees of Univ. of Ill., 442 F.3d 611, 620 (7th Cir. 2006).

The Court first considers whether the administrative finding of liability against Ford bars her claims relating to the seizure of her car. During the hearing, counsel for the City presented a witness, and Ford was given the opportunity to cross-examine the witness. Ford testified and presented Blackwell as a witness, and both were subject to cross-examination. The witnesses at the hearing testified under oath. At the conclusion of the hearing, the hearing officer issued findings of fact and concluded that Ford was liable. The Court finds that the hearing officer acted in a judicial capacity to resolve disputed issues of fact that were properly before her, and that Ford had an adequate opportunity to litigate. Therefore, collateral estoppel will bar any of Ford's claims in this action where the issues involved were the same as those that were actually

litigated in the impoundment hearing, and were essential to the hearing officer's liability finding against Ford.

The Court finds that the issue presented in Count III is the same as the issue litigated in the impoundment hearing. In Count III, Ford claims that defendants unconstitutionally seized her car, while the sole issue before the hearing officer in the administrative hearing was whether Ford's car was properly impounded under City of Chicago Municipal Code § 7-24-225. The hearing officer determined that the impoundment of Ford's car pursuant to § 7-24-225 was proper. Ford does not argue here, nor can she, that the ordinance is unconstitutional. See Bennis v. Michigan, 516 U.S. 442 (1996) (stating that the civil forfeiture of a car in which illegal activity took place was not unconstitutional, even though the car's owner was not aware of the illegal activity); Towers v. City of Chicago, 173 F.3d 619, 626-27 (7th Cir. 1999) (concluding that imposing an administrative fine pursuant to § 7-24-225 upon the owner of a car in which illegal drugs were found, did not violate the car owner's constitutional rights, even if the owner was unaware of the illegal activity). Nor would a lack of probable cause for the *search* of the car (a question that the hearing officer did not address) affect Ford's unlawful *seizure* claim here, because the exclusionary rule does not apply in Section 1983 cases. See, e.g., Townes v. City of N.Y., 176 F.3d 138, 149 (2d Cir. 1999); Wren v. Towe, 130 F.3d 1154, 1158 (5th Cir. 1997); Bradshaw v. Chicago Police Officer Mazurski, No. 03 C 2074, 2004 WL 170337, at *5-6 (N.D. Ill. Jan. 15, 2004). The motion to dismiss Count III is granted.

The administrative finding against Ford also bars her state-law conversion claim in Count VI. Under Illinois law, "[t]he essence of conversion is the wrongful deprivation of one who has a right to the immediate possession of the object unlawfully held." Horbach v. Kaczmarek, 288

5

F.3d 969, 978 (7th Cir. 2002) (quoting In re Thebus, 483 N.E.2d 1258, 1260 (Ill. 1985)). Thus, the issue decided in the administrative hearing – whether Ford's car was wrongfully impounded – is precisely the same as the issue presented in Ford's conversion claim. Defendants' motion to dismiss Count VI is granted.

The Court finds that collateral estoppel does not bar plaintiffs' unconstitutional search claim in Count II, however. As noted above, the hearing officer in the impoundment hearing made no determination as to whether defendants had probable cause to search Ford's car. Nor was a probable cause determination implicit in the finding of liability, since the exclusionary rule does not apply in impoundment hearings. See McCullough v. Knight, 688 N.E.2d 1186, 1191 (Ill. App. Ct. 1997). The motion to dismiss Count II is denied.

The Court next considers whether the administrative finding of liability against Ford in the impoundment hearing bars Blackwell's false arrest and malicious prosecution claims in Counts I and V. Defendants argue that although Blackwell was not a party to the administrative proceeding, he was in privity with Ford, and therefore collateral estoppel applies to his claims. Specifically, defendants argue that under Municipal Code of Chicago § 7-24-225, Ford's only way of prevailing at the impoundment hearing would have been to show that there were no illegal drugs in her car. Therefore, argue defendants, Ford's and Blackwell's interests were the same.

The Court finds that collateral estoppel does not bar Blackwell's claims, because he did not have an adequate opportunity to litigate in the impoundment hearing. Although Blackwell testified as Ford's witness in the impoundment hearing, he was not a party to that proceeding. Therefore, Blackwell was not entitled to have counsel represent him in the impoundment hearing,

or to seek discovery, make strategic decisions, present evidence, object to the City's evidence, cross-examine witnesses, make a closing argument, or appeal the hearing officer's decision. Nor does the Court agree that Ford, a *pro se* litigant seeking the return of her car, necessarily adequately represented Blackwell's interests. Defendants' motion to dismiss is denied as to Counts I and V.

Finally, the Court turns to plaintiffs' due process claims in Count IV. In Count IV, Blackwell alleges that defendants deprived him of a fair criminal proceeding by failing to disclose exculpatory evidence, by submitting false charges and false police reports, and by acting to influence and persuade prosecutors to prosecute him. Ford alleges that defendants deprived her of the property interest in her car and its contents without due process. Defendants argue that Count IV should be dismissed because the criminal charges against Blackwell were dismissed, and because Ford received due process at the impoundment hearing. Plaintiffs failed to respond to this argument. Their failure to oppose defendants' argument constitutes a waiver. See Wojtas v. Capital Guardian Trust Co., 477 F.3d 924, 926 (7th Cir. 2007).

Even if there was no waiver, however, the Court would still conclude that Count IV should be dismissed. First, the Court agrees that the dismissal of Blackwell's criminal charges precludes him from bringing a due process claim under Section 1983 based on a failure to disclose exculpatory evidence. To prevail on a claim of a due process violation based on the suppression of exculpatory evidence, a plaintiff must establish the following elements: (1) the evidence at issue must have been favorable to the accused; (2) it must have been suppressed by the government; and (3) there must be a reasonable probability that the result of the proceeding would have been different if the evidence had been disclosed. See Carvajal v. Dominguez, 542

7

F.3d 561, 566-67 (7th Cir. 2008). The Seventh Circuit has expressed doubt "that an acquitted defendant can ever establish the requisite prejudice for a Brady violation." Id. at 570. Here, Blackwell's criminal charges were dismissed prior to trial, and therefore he could not have received a more favorable result in his criminal case if the evidence had been disclosed.

The remainder of Blackwell's due process claim is essentially a constitutional malicious prosecution claim, and must also be dismissed. The Seventh Circuit has stated that "the existence of a tort claim under state law knocks out any constitutional theory of malicious prosecution." Newsome v. McCabe, 256 F.3d 747, 750 (7th Cir. 2001). Since Illinois has a common law tort action for malicious prosecution, Blackwell must seek relief under Illinois law, as he has done in Count V.

Nor would Ford's procedural due process claim survive the motion to dismiss, even if she had not waived her objections. In the complaint Ford alleges, in purely conclusory fashion, that "[t]he individual defendants deprived plaintiff ANGELA FORD of the property interest in her vehicle and its contents without due process of law." As discussed above, the Court may take judicial notice of an administrative agency's decision without converting the Rule 12(b)(6) motion into a motion for summary judgment. Ford received a hearing on the impoundment of her car, and Ford does not allege in the complaint that the impoundment hearing was a sham, or allege any facts that would otherwise raise her right to relief above the speculative level. Therefore, Count IV is dismissed.

**ORDERED:** Defendants' motion to dismiss [12] is granted in part and denied in part. The motion is granted as to Counts III, IV, and VI. The motion is denied as to Counts I, II, and V. A status hearing is set for 6/24/09 at 9:00 a.m.

ENTER:

George W. Lindberg
Senior United States District Judge

DATED:   June 18, 2009