**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| VINCENT E. BLACKWELL and ANGELA FORD )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>ANDREW P. KALINOWSKI, P.W. RYSZKA (Star No. 12561), KEVIN A. BOYER, TIM E. WOOD, SERGIO LAUREL, MIRABEL CARDONA, and CITY OF CHICAGO )<br>)<br>Defendants, ) | No. 08 C 7257<br><br>Mag. Judge Michael T. Mason |

**MEMORANDUM OPINION AND ORDER**

Before the Court are plaintiff Vincent Blackwell and Angela Ford's ("plaintiffs") motions in limine and defendants Andrew Kalinowski, Pawel Ryszka, Tim E. Wood, Kevin Boyer, Sergio Laurel and Mirabel Cardona's ("defendants") motion in limine. For the reasons set forth below, plaintiffs' motion in limine # 1 to bar evidence regarding "bad acts" of parties or witnesses, including arrests, convictions, plaintiff Blackwell's suspended license, gang affiliation, tattoos, and prior use or sale of illegal drugs or abuse of alcohol is granted in part and denied in part; plaintiffs' motion in limine # 2 to bar evidence of suspect cocaine, the Illinois State Police laboratory report, and the police inventory report regarding suspect cocaine is granted; and plaintiffs' motion in limine # 3 to bar evidence of the dismissal of claims by the Court, and the findings and proceedings of the City of Chicago Department of Administrative Hearings against Angela Ford is granted. Defendants' motion to preclude plaintiff from referencing any violation of police department rules, policies, regulations and general orders is denied.

## I. BACKGROUND

According to the allegations in the complaint, in the early morning hours of October 17, 2007, plaintiff Vincent Blackwell ("Blackwell") was seated in the passenger seat of a legally parked car. Plaintiff Angela Ford ("Ford"), who owns the car, had gone into a nearby house. At that time, the individual defendants, who are or were Chicago police officers, approached the car and ordered Blackwell to get out. They searched Blackwell and the car, but found no contraband. Defendants nevertheless arrested Blackwell, and seized the car. At the police station, Blackwell alleges that he was shown bags containing what appeared to be a controlled substance. When Blackwell protested that he did not have any drugs on him, defendants replied, "You do now." Blackwell was charged with felony drug offenses and traffic charges, and spent two months in jail. After Blackwell prevailed at a suppression hearing, the prosecution dismissed the charges against him. Blackwell alleges that as a result of the defendant officers' conduct, he sustained injuries, humiliation, and indignities, and suffered great emotional pain and suffering. Plaintiffs' complaint alleges claims of false arrest, unconstitutional search of the car, and a state law claim for malicious prosecution.

## II. LEGAL STANDARD

This Court has broad discretion in ruling on evidentiary questions presented before trial on motions in limine. *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002). The power to exclude evidence in limine derives from this Court's authority to manage trials. *Luce v. United States*, 469 U.S. 38, 41 n. 4, 105 S. Ct. 460 (1984). Evidence should be excluded in limine only where it is clearly inadmissible on all potential grounds. *Hawthorne Partners v. AT&T Techs., Inc.*, 831 F. Supp. 1398,

2

1400 (N.D. Ill. 1993). "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Id.* Thus, the party moving to exclude evidence in limine has the burden of establishing that the evidence is not admissible for any purpose. *Wilson v. Pope,* 1997 WL 403684, *6 (N.D. Ill. July 14, 1997). Denial of a motion in limine does not mean that all evidence contemplated by the motion will be admitted at trial. *Hawthorne,* 831 F. Supp. at 1401. Rather, denial means the court cannot determine whether the evidence in question should be excluded outside of the trial context. *Id.*; *Broom v. Bozell, Jacobs, Kenyon & Eckhardt*, 867 F. Supp. 686, 690-91 (N.D. Ill. 1994). Accordingly, this Court will entertain objections as they arise at trial, even if the proffer falls within the scope of a denied motion in limine. *Hawthorne,* 831 F. Supp. at 1401*,* citing *United States v. Connelly*, 874 F. 2d 412, 416 (7th Cir. 1989).

With these guidelines in mind, we turn to the motions before this Court.

### III. DISCUSSION

#### A. Plaintiffs' Motion in Limine # 1

Plaintiffs ask this Court to bar evidence, testimony and argument regarding "bad acts" of parties or witnesses, including arrests, convictions, Blackwell's suspended license, gang affiliation, tattoos, and prior use or sale of illegal drugs or abuse of alcohol. In response, defendants ask this Court to strike plaintiffs' motion in limine # 1 because they claim plaintiffs violated this Court's standing order restricting each party to three motions in limine. Defendants complain that plaintiffs have combined five separate motions in limine into one. However, each category of evidence plaintiffs seek to bar falls under the umbrella of prior bad acts. Accordingly, defendants' motion to

strike plaintiffs' motion in limine # 1 is denied.

### 1. Prior Arrests and Convictions

Plaintiffs ask this Court to bar defendants from introducing any evidence, testimony or argument regarding prior arrests and convictions of plaintiffs Blackwell and Ford, and witness Michelle Meyers. Defendants' response does not address whether they intend to introduce such evidence as it relates to Ford or Michelle Meyers. Accordingly, the Court assumes defendants have no intention of eliciting evidence or testimony relating to any prior arrests or convictions of Ford or Meyers. As such, this portion of motion in limine # 1 is granted.

With respect to plaintiff Blackwell, defendants seek to introduce multiple prior arrests and multiple prior convictions. We address the prior convictions first. In 1998, Blackwell was convicted of robbery, served ten years, and was released on September 17, 2007. Defendants argue that Blackwell's 1998 conviction is admissible under Federal Rule of Evidence 609(a)(1), which provides that a prior conviction may be used to attack the credibility of a witness if the conviction is less than ten years old and the crime was punishable by death or more than one year in prison. Fed. R. Evid. 609(a)(1). Blackwell's 1998 conviction meets these requirements, but admission under Rule 609(a)(1) is subject to Rule 403, which excludes evidence when its potential for unfair prejudice substantially outweighs its probative value. Fed. R. Evid. 403. Defendants have not demonstrated that Blackwell's 1998 robbery conviction is probative in this case or relevant to Blackwell's credibility. Therefore, the Court finds that the 1998 conviction has minimal probative value. Moreover, the Court finds that the danger that Blackwell's prior conviction may cause unfair prejudice substantially

outweighs any probative value the 1998 conviction offers. *Townsend v. Benya*, 287 F.Supp.2d 868, 874 (N.D.Ill. 2003), citing *United States v. Neely*, 980 F.2d 1074, 1080 (7th Cir.1992); see also, *Brandon v. Village of Maywood*, 179 F.Supp.2d 847, 854 (N.D.Ill. 2001) (recognizing that "[a] conviction for comparatively minor drug offenses is less probative of truthfulness than one for perjury or fraud. On the other hand, the potential for prejudice to [the plaintiff] is great."). Based on the foregoing, defendants are barred from introducing evidence of the 1998 conviction at trial.

Next, defendants argue that Blackwell's other prior convictions (there are seven) are admissible not to prove criminal propensity, but to prove motive, knowledge, intent, absence of mistake or accident under Federal Rule of Evidence 404(b). Defendants argue that Blackwell's prior convictions go to his credibility, intent, motive and to counter his damages allegations. But defendants failed to demonstrate how Blackwell's prior convictions fall within the parameters of Rule 404(b). Indeed, defendants have not identified any permissible purpose under Rule 404(b) for which any of the prior convictions should be admitted.

Defendants also claim that Blackwell's prior convictions may be used to establish bias against the City of Chicago Police Department or the police in general. However, defendants failed to offer any specific details regarding Blackwell's prior arrests that would show any particular bias against the police. Furthermore, taken to its logical conclusion, defendants' argument suggests that the entire criminal arrest and conviction record of any plaintiff that ever sued a police officer would be admissible to show a potential bias. Rules 609(a)(1) and 403 clearly demonstrate otherwise.

Moreover, Blackwell's other prior convictions do not fall within the parameters of

5

Rule 609(a)(1).  In addition, again, we find that the danger of unfair prejudice substantially outweighs any probative value of Blackwell's other prior convictions.  Thus, plaintiffs' motion in limine # 1 to bar evidence of all of Blackwell's prior convictions is granted.

Next, we turn to plaintiff Blackwell's prior arrests.  Blackwell has an extensive arrest record spanning over thirty years.  Plaintiffs ask this Court to bar any reference to Blackwell's arrest record.  Plaintiffs argue that the arrests are not admissible under Rule 609, the evidence is not probative of any issue in this case, and the evidence is prejudicial and embarrassing to Blackwell.

Defendants seek to introduce all of Blackwell's prior arrests (there are nineteen). Defendants argue that the evidence is admissible under Rule 404(b), to show bias, and for impeachment purposes.  Defendants' arguments are baseless.  First, defendants failed to demonstrate how Blackwell's prior arrests are admissible under Rule 404(b). Defendants claim that the prior arrests are relevant to determine credibility, intent and motive under Rule 404(b). Credibility is not a permissible purpose for admitting evidence under Rule 404(b) and defendants failed to explain how any of the prior arrests would shed light on Blackwell's motive or intent.  Second, for the reasons set forth above, we reject defendants' claim that the arrests may be used to establish bias against the police.  Third, defendants mistakenly contend that they "may properly pursue testimonial evidence regarding the prior arrests as it would be relevant for impeachment." (Resp. at 4).  As indicated above, Rule 609 allows for the admission of evidence of convictions for impeachment, not arrests.

Defendants further argue that Blackwell's prior arrests are relevant to determine

the amount of damages he has suffered as a result of the alleged seizure he claims he was subjected to in this case. Blackwell's complaint alleges that he suffered "great mental and emotional pain and suffering" as a result of defendants' conduct. Defendants contend that evidence of Blackwell's prior arrests is admissible to rebut his claim for emotional damages. While there is case law in the Northern District of Illinois suggesting that evidence of prior arrests is relevant to a claim for emotional distress, *Redmond v. City of Chicago,* 2008 WL 539164, *2 (N.D. Ill. 2008), other courts in this district have found that "to be relevant, the arrests must be substantially similar and the court must conduct a prejudice analysis." *Moore v. City of Chicago,* 2008 WL 4549137, *1 (N.D.Ill. 2008), citing *Brandon v. Village of Maywood*, 179 F.Supp.2d 847, 854-55 (N.D.Ill. 2001); *Caldwell v. City of Chicago*, 2010 WL 380696, *1 (N.D.Ill. 2010). At this juncture, it is simply not clear whether Blackwell's October 17, 2007 arrest involves facts similar to his prior arrests. If that is the case, the prior arrests may be relevant to determine how much distress Blackwell suffered as a result of the October 17th arrest. Because it is unclear whether the prior arrests involve facts similar to the arrest at issue, and because the Court would still have to conduct a prejudice analysis even if we find the prior arrests are relevant and probative, we cannot determine outside of the context of trial whether evidence of Blackwell's prior arrests is clearly inadmissible on all potential grounds. Therefore, to the extent that plaintiffs seek to bar all evidence of Blackwell's prior arrests, plaintiffs' motion in limine # 1 is denied without prejudice. Defendants should request a sidebar before attempting to introduce any evidence relating to Blackwell's prior arrests at trial.

### 2. Suspended License

Plaintiffs ask this Court to preclude defendants from introducing plaintiff Blackwell's driver's license abstract. Plaintiffs are willing to stipulate that at the time of Mr. Blackwell's arrest on October 17, 2007, his license was suspended due to an unpaid judgment. Plaintiffs argue that the abstract contains traffic offenses that are not relevant, that these offenses are not admissible under Rule 609, and that it would be prejudicial for the jury to see convictions for traffic offenses. Defendants argue that the abstract is relevant because while defendants claim they saw Blackwell driving plaintiff Ford's car on the night of the arrest, Blackwell contends that he was sitting in the passenger seat of the car *because* his license was suspended. According to defendants, the abstract details a number of traffic charges for driving on a revoked license and thus, is highly probative of whether Blackwell would drive while his license is suspended. While we agree that the abstract is relevant, it is not clear at this juncture whether the prior traffic convictions and/or charges are admissible under Federal Rule of Evidence 609 or Rule 403, primarily because neither party submitted the abstract to this Court. Accordingly, this portion of plaintiffs' motion in limine # 1 is denied without prejudice. Plaintiffs are free to object to the introduction of the abstract at trial.

### 3. Gang Affiliation and Tattoos

Plaintiffs ask this Court to bar any questions, argument or innuendo regarding gang affiliation and tattoos. Defendants have no objection. Accordingly, this portion of plaintiffs' motion in limine # 1 is granted.

### 4. Use or Sale of Drugs or Abuse of Alcohol

Next, pursuant to Federal Rules of Evidence 402, 403, 404(a), 404(b) and 608, plaintiffs ask this Court to bar any inference or argument that plaintiffs have used or sold

illegal drugs or abused alcohol in the past.  Defendants have stated that they do not intend to elicit testimony regarding the use of drugs or abuse of alcohol.  However, defendants do intend to elicit testimony regarding the sale of drugs.  According to defendants, plaintiff Blackwell made a statement to defendants while at the scene of his arrest that he was there to sell drugs.  Defendants claim that this statement is admissible as a statement against interest and is relevant to why Blackwell was on the block at the time of his arrest.  We agree.  Furthermore, we find that the probative value substantially outweighs the danger of unfair prejudice.  Accordingly, plaintiffs' motion in limine # 1 is denied to the extent it seeks to bar defendants from questioning Blackwell about why he was on the block at the time of his arrest or about Blackwell's statement that he was there to sell drugs.

### B. Plaintiffs' Motion in Limine # 2

Plaintiffs' motion in limine # 2 seeks to bar evidence, testimony and argument regarding physical evidence of suspect cocaine, the Illinois State Police laboratory report, and the police inventory report regarding suspect cocaine.  Defendants have no objection to this motion.  Accordingly, plaintiffs' motion in limine # 2 is granted.

### C. Plaintiffs' Motion in Limine # 3

Plaintiffs ask this Court to bar evidence, testimony and argument regarding the dismissal of claims by the Court, and the findings and proceedings of the City of Chicago Department of Administrative Hearings against Angela Ford.  Again, defendants have no objection to this motion.  Accordingly, plaintiffs' motion in limine # 3 is granted.  To the extent that defendants seek to impeach any witness with the transcript of the administrative hearing, the Court will entertain and rule on any

9

objections as they arise during the trial.

### D. Defendants' Motion in Limine

Defendants ask this Court to bar any testimony, evidence or argument regarding the existence of, or standards set by, any Chicago Police Department General Orders or other police department rules, policies and procedures. Defendants argue that such orders and procedures are not proper evidence on the issue of whether defendant officers' conduct was unconstitutional or willful and wanton. Defendants further contend that admission of such evidence would unduly prejudice and confuse the jury on the appropriate standard of liability. Defendants are correct that the "violation of police regulations or even a state law is completely immaterial as to the question of whether a violation of the federal constitution has been established." *Thompson v. City of Chicago*, 472 F.3d 444, 454 (7th Cir. 2006). Defendants are also correct that under Illinois law, the violation of a police department general order does not "constitute evidence of negligence, or beyond that, willful and wanton conduct." *Morton v. City of Chicago*, 286 Ill. App. 3d 444, 454, 676 N.E.2d 985 (1st Dist. 1997); see also, *Thompson*, 472 F.3d at 457.

Plaintiffs concede that a violation of a police department rule or general order does not constitute proof of a constitutional violation. Instead, they argue that it is impossible to identify every possible scenario under which a particular rule might become relevant for purposes other than proof of a constitutional violation and as a result, defendants' blanket request to bar reference to all general orders, rules, policies and procedures is too broad. This Court agrees. It is conceivable that plaintiffs could

identify a particular rule, general order, policy or procedure that is relevant.[1] The Court would then have to determine whether the probative value of such evidence is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury under Federal Rule of Evidence 403. Because it is not clear at this juncture whether all of the evidence defendants seek to bar is inadmissible on all potential grounds, defendants' motion in limine is denied without prejudice. Defendants are free to object to the introduction of police department general orders, rules, policies and procedures at trial. This Court will entertain and rule on any such objections as they arise.

## IV.  CONCLUSION

For the reasons set forth above, plaintiffs' motion in limine # 1 is granted in part and denied in part; plaintiffs' motion in limine # 2 is granted; and plaintiffs' motion in limine # 3 is granted. Defendants' motion in limine is denied. It is so ordered.

**ENTERED:**

*Michael T. Mason* (signature)

**MICHAEL T. MASON**
**United States Magistrate Judge**

**Dated: April 25, 2011**

---

[1] While it is theoretically possible that a particular rule or general order could be relevant and probative, we reject plaintiffs' contention that the failure to follow general orders or other departmental rules constitutes evidence of willful and wanton conduct. *Morton*, 286 Ill. App. 3d at 454.