# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| VINCENT BLACKWELL and ANGELINA FORD, | ) ) ) |
| Plaintiffs, | ) Case No. 08 C 7257 |
| v. | ) ) |
| ANDREW KALINOWSKI, et al., | ) ) Magistrate Judge Mason |
| Defendants. | ) |

**PLAINTIFF'S MOTION IN SUPPORT OF JUDICIAL NOTICE
AND JUDGMENT AS A MATTER OF LAW WITH RESPECT TO FAVORABLE
TERMINATION OF THE CRIMINAL PROCEEDING AGAINST
VINCENT BLACKWELL**

Pursuant to Rule 201 of the Federal Rules of Evidence and Rule 50 of the Federal Rules of Civil Procedure, the Plaintiff VINCENT BLACKWELL, by and through his attorneys, Irene K. Dymkar and James L. Bowers, hereby moves this Court to take judicial notice of the Report of Proceedings before the Honorable John Kirby of the Circuit Court of Cook County - Criminal Division, Case No. 07 CR 023198, and the adjudicative fact that the underlying criminal proceeding against Plaintiff Vincent Blackwell was terminated in Plaintiff's favor, and that said issue should be decided in Plaintiff's favor as a matter of law. In support of this motion, Plaintiff states as follows:

*Cult Awareness Network v. Church of Scientology International*, 177 Ill.2d 267, 226 Ill.Dec. 604, 685 N.E.2d 1347 (1997) involved a malicious prosecution claim filed against the Church of Scientology by a not-for-profit corporation engaged in educating the public regarding religious freedom. The case is significant in that the Illinois Supreme Court announced that it was overruling twenty-seven years of appellate court precedent on the issue of "the types of judicial determinations which constitute a 'favorable termination' for purposes of malicious

prosecution suits." *Id.,* 685 N.E.2d at 1351. Specifically, the Court found that the rule that the favorable termination requirement could be satisfied only by a judgment which deals with the factual issues of the case was "at odds with modern tort law." *Id.*, 685 N.E.2d at 1352.

In *Cult Awareness*, the Court looked to the Restatement (Second) of Torts for the holding that a favorable termination may be based upon (1) a favorable adjudication by the tribunal, or (2) a withdrawal of the proceedings by the person bringing them, or (3) the dismissal of the proceedings due to a failure to prosecute. *Cult Awareness, supra,* 685 N.E.2d at 1352. The stated rationale for the Court's ruling was that the old "factual issues" rule had "the unfortunate consequence of allowing those who utilize our courts for wrongful purposes to do so with impunity so long as they obtain a nonfactual disposition of the action." *Id.* at 1353. For example, in order to guard against a future malicious prosecution lawsuit, a "disingenuous plaintiff" could nonsuit his or her frivolous lawsuit or even simply fail to appear at trial.

The Illinois Supreme Court in *Cult Awareness, supra*, 685 N.E.2d at 1354, also made clear that its decision was consistent with its decision the previous year adopting the Restatement approach in the criminal context and holding that a *nolle prosequi* could serve as a favorable termination. *Swick v. Liautaud*, 169 Ill.2d 504, 215 Ill.Dec. 98, 662 N.E.2d 1238 (1996). In *Swick*, the Court stated that a *nolle prosequi* was not a favorable determination for the purpose of malicious prosecution if the order was entered as:

> the result of an agreement or compromise with the accused, misconduct on the part of the accused for the purpose of preventing trial, mercy requested or accepted by the accused, the institution of new criminal proceedings, or the impossibility or impracticality of bringing the accused to trial. *Id.* at 1243.

If none of the above factors was at play, the Court indicated that the abandonment of the prosecution by means of a *nolle prosequi* order would be "indicative of the innocence of the

2

accused." *Id.*, 662 N.E.2d at 1243. Since the *nolle prosequi* order itself did not reflect the reason for its entry, the case was remanded to the trial court for a determination consistent with the Supreme Court's opinion.

One unfortunate result from the *Swick* decision has arisen due to the Illinois Supreme Court's infelicitous and imprecise use of language throughout the opinion. In four separate sentences in the decision, the Court describes the plaintiff's malicious prosecution burden as requiring a showing of a favorable termination of the criminal proceeding in a manner "indicative of the innocence" of the accused. In two other sentences in the same portion of the decision, the Court describes the burden as a favorable termination "consistent with the innocence" of the accused. *Id.*, 662 N.E.2d at 1242-43. The meanings of the terms "consistent" and "indicative" are as different as night and day. As an illustration using familiar medical terminology, a simple cough may be *consistent* with a diagnosis of cancer, but a cough is surely not *indicative* of a diagnosis of cancer.

Since the Illinois Supreme Court has announced that it has abandoned the old "factual issues" method of determining the favorable termination requirement, and since the Court also has held that either a withdrawal of the proceedings or a failure to prosecute would constitute a favorable termination, it is apparent that the Court is not actually looking for a termination "indicative of innocence." *Cult Awareness, supra,* 685 N.E.2d at 1352. Rather, in reading the language in *Cult Awareness* and *Swick* as a whole, it is apparent that the Court is concerned with whether the accused somehow manipulated the system to obtain the dismissal. If the actions of the accused had nothing to do with the dismissal order, then the dismissal is always going to be a favorable termination of the proceeding, consistent with the presumed innocence of the accused.

Illinois is not the only jurisdiction that has struggled with the difference between the terms "consistent with innocence" and "indicative of innocence." In the case of *Andrea Smith-Hunter v. Jonathan Harvey*, 734 N.E.2d 750 (2000), the New York Court of Appeals (the highest court in the State of New York), recognized that the appropriate malicious prosecution inquiry was whether the underlying criminal case had been dismissed in a manner consistent with the innocence of the accused. Furthermore, the Court found that any termination would be favorable to the accused unless the termination was a result of a settlement, mercy, or any misconduct by the plaintiff.

The concurring opinion in *Andrea-Smith Hunter, supra,* is as well-written as anything this writer has found on the pertinent aspects of malicious prosecution and describes in great detail the manner in which infelicitous language in the Restatement (Second) of Torts itself led to the faulty transformation of the favorable termination portion of the malicious prosecution burden to one showing a termination indicative of innocence. In conclusion, the concurring opinion states as follows:

> By virtue of the Court's endorsement of the "not inconsistent with innocence" test in speedy trial cases, New York courts will no longer have to engage in jurisprudential gymnastics or semantics. Nor will courts have to contemplate the prospect of an exotic branch of jurisprudence in which Assistant District Attorneys are summoned to appear at trials or depositions to answer (or not answer) questions as to their subjective opinions relating to the degree of guilt of the accused, the strength of the case, their work habits and philosophies, their attitudes toward particular crimes or the reasons they abided or resisted a speedy trial motion.

734 N.E.2d at 575.

Federal courts in Illinois have been affected by the Illinois Supreme Court's imprecision in use of language in the malicious prosecution context. In *Deng v. Sears, Roebuck and Co.*, 552 F.3d 574, 576 (7th Cir. 2009), the Seventh Circuit questioned how a judge or jury could ever tell

4

whether a dismissal was "indicative of the innocence of the accused" and, further, questioned whether Illinois really wanted its criminal prosecutors "subjected to this kind of inquisition." *Id.*, at 577. Because of the *Deng* decision, based on the incorrect Illinois standard for malicious prosecution, defense attorneys throughout the Northern District of Illinois feel justified in requesting a jury instruction that requires every plaintiff to prove that there was a favorable termination of the underlying criminal proceeding indicative of the innocence of the accused. That is an impossible burden, and, as set forth above, it is the wrong burden pursuant to Illinois law.

In this case, after hearing testimony of witnesses, the criminal court judge granted the state's motion to quash the arrest and suppress evidence and then granted the state's motion for Nolle prosecution. As set forth above, a nolle pros motion generally meets the indicative of innocence or consistent with innocence standard except in limited circumstances not applicable here. The prosecutor did not seek a continuance, and the plaintiff did not enter into any agreement for the dismissal. Clearly, the prosecutor's and the police officer's actions constituted a "failure to prosecute," *Cult Awareness, supra*, 685 N.E.2d at 1352, and an "abandonment" of the prosecution, *Swick, supra,* 662 N.E.2d at 1243, consistent with the innocence of Vincent Blackwell, who was present in court and had done nothing to procure the dismissal.

WHEREFORE, Plaintiffs aks this Court to take judicial notice of the adjudicative fact that the underlying criminal proceeding against Plaintiff Vincent Blackwell was terminated in Plaintiff's favor, and that the issue should be decided as a matter of law.

                                                         Respectfully submitted,

Dated: May 4, 2011                                       /s/   James L. Bowers
                                                                   James L. Bowers

Plaintiffs' Attorneys:

Irene K. Dymkar
300 W. Adams Street, Suite 330
Chicago, IL 60606-5107
(312) 345-0123


James L. Bowers
631 N. Central Avenue
Chicago, IL 60644
(773) 379-9262