# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| VINCENT BLACKWELL and ANGELA FORD, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 08 C 7257 |
| | ) | |
| ANDREW KALINOWSKI, PAWEL RYSZKA, | ) | Mag. Judge Mason |
| and THE CITY OF CHICAGO, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' RULE 50 MOTION
## AS TO PLAINTIFF BLACKWELL'S MALICIOUS PROSECUTION CLAIM

Defendants Andrew Kalinowski, Pawel Ryszka and the City of Chicago, by their attorneys, Thomas Aumann, Erica Hokens and Alec McAusland, Assistant Corporation Counsel, move this Honorable Court for judgement as a matter of law in their favor on plaintiff's malicious prosecution claim. In support thereof, the defendants state as follows:

**Plaintiff Has Not Established a Termination 'Indicative of Innocence'**

In order to prevail on his claim for malicious prosecution, plaintiff Blackwell must establish, among other things, that the termination of the criminal charges against him were terminated in a manner indicative of his innocence. Joiner v. Benton Community Bank, 80 Ill. 2d 40, 41 (1980).

What plaintiff has shown, and what the court records of the charges against plaintiff Blackwell reveal, is that Blackwell brought a motion to suppress his arrest and the fruits of the search made pursuant to that arrest, and that motion was granted. Following the grant of the motion to suppress, the charges against him were dismissed. Dismissal of charges following a motion to suppress is not "indicative of innocence" as *Joiner* requires. Plaintiff cannot,

therefore, support his claim, and the defendants are entitled to judgment in their favor as a matter of law.

The Seventh Circuit teaches that a plaintiff attempting to establish a malicious prosecution claim cannot do so by simply arguing that any dismissal automatically creates an inference of innocence. *See Washington v. Summerville*, 127 F.3d 552, 557 (7th Cir. 1997). "Otherwise, every time criminal charges are [dismissed] a civil malicious prosecution action could result." *Swick v. Liautaud*, 169 Ill.2d 504, 514 (1996). In *Summerville,* as in the instant case*,* the plaintiff's criminal charges were dismissed by *nolle prosequi* after the plaintiff's motion to suppress was granted. The court held that this was a dismissal based on a technicality and it did not compel the inference of plaintiff's innocence. Therefore, the court affirmed summary judgment in favor of the defendants on the malicious prosecution claim. *Summerville*, 127 F.3d at 558.

In a similar case, *Horan v. City of Chicago, et al*., 09 C 0505, 2010 WL 2836729 (N.D.Ill.)(Gettleman, J.), the court ruled that a malicious prosecution claim could not be established if the *nolle prosequi* followed the granting of a motion to suppress. Such a dismissal was not "indicative of innocence;" rather, it indicated that the prosecution was abandoned because the evidence was discovered during an improper search. *Id*., at * 8.

The case law makes clear that a grant of a motion to suppress does not speak to the trustworthiness of the suppressed evidence. Moreover, it does not permit any inference of innocence. "In short, a dismissal following suppression of evidence for a technical reason is not a reason indicative of innocence, so it cannot support a malicious prosecution claim." *Johnson v. Arroyo*, 2010 WL 1195330, * 3 (N.D.Ill. Mar.22, 2010) (citations omitted) (Pallmeyer, J.). *See also El Ranchito, Inc. v. City of Harvey,* 207 F.Supp.2d 814, 823 (N.D.Ill. 2002) (dismissal

following the suppression of illegally obtained evidence was not indicative of innocence because plaintiff presented nothing to question the reliability of the evidence); *Dobiecki v. Palacios,* 829 F.Supp. 229, 235-36 (N.D.Ill.1993) (holding that a dismissal based on the technical failure to give *Miranda* warnings where statement elicited was unquestionably voluntary was not indicative of innocence); *Thomas v. Freidrich*, 2000 WL 562473, at *3 (N.D.Ill. May 8, 2000)(dismissing malicious prosecution claim where criminal charges were dismissed after evidence was suppressed as fruit of unlawful search).

**WHEREFORE,** the defendants respectfully pray that this Honorable Court enter judgment in their favor on plaintiff Blackwell's malicious prosecution claim.

Respectfully submitted,

/s/ Alec M. McAusland
ALEC M. McAUSLAND
Senior Assistant Corporation Counsel

30 North LaSalle Street
Suite 900
Chicago, Illinois 60602
(312) 744-4038
Attorney No. 06202724