# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| VINCENT BLACKWELL and ANGELA FORD, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 08 C 7257 |
| | ) | |
| ANDREW KALINOWSKI, PAWEL RYSZKA, | ) | Mag. Judge Mason |
| and THE CITY OF CHICAGO, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' RULE 50 MOTION
## AS TO PLAINTIFF FORD'S SEARCH OF AUTOMOBILE CLAIM

Defendants Andrew Kalinowski, Pawel Ryszka and the City of Chicago, by their attorneys, Thomas Aumann, Erica Hokens and Alec McAusland, Assistant Corporation Counsel, move this Honorable Court for judgement as a matter of law in their favor on plaintiff Ford's search of automobile claim. In support thereof, the defendants state as follows:

**Ford is Collaterally Estopped from Contesting the Search**

Plaintiff Angela Ford brings a claim for violation of her Fourth Amendment rights occasioned by search of her automobile. Plaintiff Ford has established in her case that her car was seized, that she contested the impoundment, and that at the end of the hearing, the impoundment was upheld. The impoundment was pursuant to Chicago Municipal Code 7-24-225, which provides: "The owner of record of any motor vehicle that contains any controlled substance or cannabis, or that is used in the purchase, attempt to purchase, sale or attempt to sell such controlled substances or cannabis shall be liable to the city for an administrative penalty of $1,000.00 plus any applicable towing and storage fees. Any such vehicle shall be subject to seizure and impoundment."

Under Illinois law, collateral estoppel bars a party from relitigating an issue that person has already litigated where "(1) a material fact decided in an earlier adjudication is identical to one in the current proceeding; (2) there was a final judgment on the merits in the earlier adjudication; and (3) the party against whom estoppel is asserted was a party or was in privity with a party in the earlier adjudication." Goodwin v. Bd. of Trustees of Univ. of Illinois, 442 F.3d 611, 621 (7th Cir. 2006) (citing Vill. of Oak Pk. v. Illinois Dept. of Employment Sec., 332 Ill. App. 3d 141(1st Dist. 2002).

In this case, the factual question of whether there were drugs in the car that would justify its seizure was fully and fairly litigated by Ms. Ford in a hearing in which both she and Blackwell, as well as defendant Officer Kalinowski testified, and the issue was decided against her in a final judgment on the merits. Ms. Ford cannot now contend that her car should not have been impounded. See Deft. Exh. 18, pp. 23-24.

And because Ms. Ford cannot now contend that her should not have been impounded, she cannot, likewise, contend that her car should not have been searched. South Dakota v. Opperman, 428 U.S. 364, 375-76 (1976) (holding that search a properly impounded car does not violate the Fourth Amendment).

WHEREFORE, the defendants respectfully pray that this Honorable Court enter judgment in their favor on Ms. Ford's claim for improper search of her automobile.

Respectfully submitted,

/s/ Alec M. McAusland
ALEC M. McAUSLAND
Senior Assistant Corporation Counsel

30 North LaSalle Street, #900
Chicago, Illinois 60602
(312) 744-4038
Attorney No. 06202724