IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| VINCENT E. BLACKWELL and, ANGELA FORD, | ) ) ) | |
| Plaintiffs, | ) ) | NO. 08 C 7257 |
| v. | ) ) | MAGISTRATE JUDGE MASON |
| ANDREW P. KALINOWSKI, P.W. RYSZKA (Star No. 12561), and CITY OF CHICAGO, | ) ) ) ) ) | |
| Defendants. | ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR AN ORDER GIVING INSTRUCTIONS REGARDING FEES MOTION PURSUANT TO LOCAL RULE 54.3(g)(2) OR, IN THE ALTERNATIVE, FOR AN ORDER GRANTING LEAVE TO FILE FEES MOTION WITHOUT FILING JOINT STATEMENT AND DEEMING DEFENDANTS' OBJECTIONS WAIVED**

Defendants Andrew Kalinowski, Pawel Ryszka and the City of Chicago, by and through their attorney, Erica A. Hokens, respectfully file their objection to Plaintiff Blackwell's motion on the grounds that it is premature and that there has been no final determination of the issues of this case.

1.) In interpreting 42 U.S.C. § 1988, courts have not awarded fees before the final resolution of the case. See Dougherty, v. Barry, 820 F.Supp. 20, *25 (D.D.C 1993). In Dougherty, the Defendants' attempted to bifurcate a determination of whether plaintiffs prevailed on appeal from whether plaintiffs had prevailed at trial for purposes of determining eligibility of fees. The court rejected defendants argument holding ("[The] language [of § 1988] strongly indicates that whether a party 'prevailed' as that term is used in § 1988 is determined by

1

examination of the entire case and not at various stages of the litigation."). "The question of who is the "prevailing" party should be determined as to a case as a whole, not as to individual segments of the case.". Vaughn v. Westinghouse Elec. Corp., 526 F.Supp. 1165 (E.D. Ark. 1981).

2.) After judgment was entered on May 16, 2011, in favor of Plaintiff Blackwell and against defendants Andrew Kalinowski, Pawel Ryszka and the City of Chicago, both parties filed cross motions seeking a new trial. Litigation in this case is ongoing and it would be premature to enter a an order regarding fees at this time until all post trial motions are considered and ruled upon. This will require repeated supplemental fee requests, such as that threatened recent email on this very subject. See Plaintiff's electronic mail sent on Tuesday, July 5, 2011, attached hereto as Exhibit A. At this point the Court would be forced to consider all these matters piecemeal, which is not in the interest of judicial economy.

3.) Plaintiff's assertion that Defendants are incorrect as to the law regarding Local Rule 54.3 is misleading and mischaracterizes the provisions of L.R. 54.3. While L.R. 54.3 and Fed.R.Civ.Pro. 59 do state that a fee motion does not stop the clock for an appeal, a motion for a new trial, or a motion for judgment as a matter of law, it does **not** specifically state, as Counsel asserts, that the fees determination is to be made independently of the filing of any appeal or any post-trial motions. Further, Plaintiff's assertion ignores the above cited case law.

WHEREFORE, Defendants respectfully request that this Court not consider a motion for fees until all pending matters are decided. If this Court does decided to entertain Plaintiff's motion for fees during the pendency of the outstanding motions, Defendants seek 30 days to respond to Plaintiff's fees motion with their objections.

July 6, 2011

                                        Respectfully submitted,

                                        <u>s/ Erica A. Hokens</u>
                                        Erica A. Hokens
                                        Assistant Corporation Counsel
                                        30 NORTH LA SALLE ST.
                                        SUITE 900
                                        CHICAGO, ILLINOIS  60602
                                        (312) 744-2568
                                        ATTORNEY NO. 06271240

## Blackwell v. Kalinowski

Irene Dymkar [dymkarlaw@ameritech.net]

**Sent:** Tuesday, July 05, 2011 1:28 PM
**To:** Mcausland, Alec; Hokens, Erica; Aumann, Thomas
**Cc:** James Bowers [james.bowers3@comcast.net]

---

Counsel -

Please let me know if you have had a change of heart and wish to discuss any of the following in the above case:

1) The post-trial motions,

2) The attorneys' fees submission,

3) The bill of costs.

If I do not hear from you, I will be submitting tomorrow a supplement and will send you an up-dated accounting of attorney time that includes the additional time spent on post-trial motions and fees and costs issues.

Irene K. Dymkar
Attorney at Law
300 West Adams Street, Suite 330
Chicago, IL 60606-5107
(312) 345-0123
(312) 345-0066 (fax)


Exhibit A