UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| VINCENT E. BLACKWELL and ANGELA FORD | ) ) ) | |
|---|---|---|
| Plaintiffs, | ) ) | No. 08 C 7257 |
| v. | ) ) | Mag. Judge Michael T. Mason |
| ANDREW P. KALINOWSKI, PAWEL RYSZKA, and THE CITY OF CHICAGO, | ) ) ) ) | |
| Defendants, | ) | |

**MEMORANDUM OPINION AND ORDER**

Michael T. Mason, United States Magistrate Judge:

Before the Court is plaintiff Vincent Blackwell's ("Blackwell") bill of costs. This case involves claims for false arrest and malicious prosecution brought by plaintiff Blackwell and a claim for unlawful search of a vehicle brought by plaintiff Angela Ford ("Ford"). The case was tried before a jury between May 2, 2011 and May 5, 2011. The jury found in favor of Blackwell on both of his claims and against Ford on her unlawful search claim. For the reasons set forth below, plaintiff Blackwell's bill of costs [114] is granted in part and denied in part.

**DISCUSSION**

Federal Rule of Civil Procedure 54(d) sets forth the general rule that costs, other than attorneys' fees, "shall be allowed as of course to the prevailing party," except as otherwise provided by statute or in the rules. *Ochana v. Flores*, 206 F. Supp. 2d 941, 944 (N.D. Ill. 2002) (*quoting Payne v. Milwaukee County*, 288 F.3d 1021, 1027 (7th Cir. 2002)). The proper measure of those costs is set forth in 28 U.S.C. § 1920. *Tideman v.*

*Nadler Golf Car Sales, Inc.*, 224 F.3d 719, 726 (7th Cir. 2000). The costs explicitly allowed by § 1920 are: (1) fees of the clerk and marshal; (2) fees for transcripts necessarily obtained for use in the case; (3) fees for printing and witnesses; (4) fees for copies of materials necessarily obtained for use in the case; (5) docket fees; and (6) compensation of court appointed experts and interpreters. 28 U.S.C. § 1920.

Under Rule 54(d), there is a "strong presumption that costs will be awarded to the prevailing party." *U.S. Neurosurgical, Inc. v. City of Chicago*, 572 F.3d 325, 333 (7th Cir. 2009). "However, district courts possess wide discretion in determining whether expenses claimed by the prevailing party are actually taxable as costs." *Rogers v. City of Chicago*, 2002 WL 423723, at *1 (N.D. Ill. Mar. 15, 2002) (*citing Deimer v. Cincinnati Sub-Zero Products, Inc.*, 58 F.3d 341, 345 (7th Cir. 1994)). Additionally, "the losing party bears the burden of an affirmative showing that taxed costs are not appropriate." *Beamon v. Marshall & Ilsley Trust Co.*, 411 F.3d 854, 864 (7th Cir. 2005).

Here, plaintiff seeks recovery for the following: (1) $350.00 for fees of the clerk; (2) $55.00 for fees for service of the summons; (3) $2,397.75 for transcripts; (4) $45.00 for witness fees; (5) $647.40 for photocopying fees; and (6) $38.45 for other itemized costs (including costs associated with obtaining the court file in Blackwell's underlying criminal case, his Illinois Secretary of State driving record, and a cellular telephone bill). In response, defendants object to certain photocopying costs as well as the costs for obtaining Blackwell's criminal court file. However, even as to the unchallenged costs, we must ensure that each proposed cost is allowed under § 1920, is reasonable, and is necessary to the litigation. *Little v. Mitsubishi Motors N. Am., Inc.*, 514 F.3d 699, 702 (7th Cir. 2008); *Rogers*, 2002 WL 423723, at *1 (stating that "items proposed by winning

parties as costs should always be given careful scrutiny.") (citation omitted).

### 1. Clerk Fees

Section 1920(1) authorizes a court to tax the filing fee paid to the Clerk of Court. Consequently, plaintiff may recover from defendants the $350.00 he paid to initiate this action. 28 U.S.C. § 1920(1); *Koneff v. Nyang'iti*, 2009 WL 5215595, at *1 (N.D. Ill. Dec. 29, 2009).

### 2. Summons Service Fees

Recovery of summons and subpoena service fees is also authorized under § 1920(1). *See Collins v. Gorman*, 96 F.3d 1057, 1059 (7th Cir. 1996). Accordingly, plaintiff may recover the $55.00 he paid for service of the summons.

### 3. Transcript Fees

Pursuant to § 1920(2), fees for "printed or electronically recorded transcripts necessarily obtained for use in the case" are recoverable by the prevailing party. Under Northern District of Illinois Local Rule 54.1(b), the cost of a transcript shall not exceed the regular copy rate established by the Judicial Conference of the United States. N.D. Ill. L.R. 54.1(b). The applicable rates pursuant to the Judicial Conference for transcripts requested on or after November 1, 2007 are as follows: $3.65 per page for the original of an ordinary transcript, $4.25 per page for the original of a fourteen day transcript, $4.85 for the original of an expedited (seven day) transcript, and $0.90 per page rate for a copy to each party.[1]

A court awards deposition transcript charges if the taking of the deposition

---

[1] See http://www.ilnd.uscourts.gov/CLERKS_OFFICE/CrtReporter/trnscrpt.htm.

appears reasonably necessary in light of the facts known at the time of the deposition. *Mother & Father v. Cassidy*, 338 F.3d 704, 712 (7th Cir. 2003). The determination of necessity must be made "without regard to intervening developments that render the deposition unneeded for further use." *Id.* Reasonable court reporter attendance fees also are recoverable under § 1920(2). *Held v. Held*, 137 F.3d 998, 1002 (7th Cir.1998) (stating that "even though these fees are not specifically mentioned in the statute, the district court may award them in its discretion pursuant to 28 U.S.C. § 1920(2)."). However, the court reporter's attendance fee may be taxed as costs only to the extent that the fee, when added to the per page rate charged for the deposition transcript, does not make the total charge per page exceed the applicable page rate established by the Judicial Conference. *Higbee v. Sentry Ins. Co.*, 2004 WL 1323633, at *2 (N.D. Ill. June 11, 2004).

As noted above, plaintiff seeks a total of $2,397.75 in transcript charges. We find that each of the depositions appeared reasonably necessary in light of the facts known at the time of the depositions. While the defendants do not challenge the deposition and transcript fees claimed by plaintiff, the invoices attached to plaintiff's bill of costs demonstrate that some of the costs are not recoverable under the applicable law.

For instance, Andrew Kalinowski's deposition consisted of 111 pages. Jensen Reporting charged $2.45 per page as well as an attendance fee of $256.50. When the attendance fee is added to the per page rate charged, the total charge per page exceeds the $3.65 maximum established by the Judicial Conference. As a result, plaintiff may recover $3.65 per page for Kalinowski's deposition, which for 111 pages totals $405.15. *Higbee*, 2004 WL 1323633, at *2.

4

Similarly, plaintiff is not entitled to recover the entire amount of the attendance fee ($228.00) and the per page fee ($68.60) for Mirabel Cardona's deposition. Again, when the attendance fee is added to the per page rate charged, the total charge per page exceeds the $3.65 maximum established by the Judicial Conference.[2] Accordingly, plaintiff may recover $3.65 per page for Cardona's deposition, which for 28 pages totals $102.20. *Higbee*, 2004 WL 1323633, at *2.

Plaintiff was not charged an attendance fee for any other witness. However, plaintiff was charged courier or messenger fees. We find that plaintiff is not entitled to recover these fees. *See Harkins v. Riverboat Servs., Inc.*, 286 F. Supp. 2d 976, 981 (N.D. Ill. 2003) ("Costs associated with delivering, shipping, or handling transcripts are ordinary business expenses and are not recoverable.").

For each of the remaining transcripts, the total charge per page falls below the $3.65 maximum established by the Judicial Conference. Therefore, we find that plaintiff is entitled to recover $124.95 for Kevin Boyer's deposition transcript, $277.05 for Pawel Ryszka's transcript, $78.40 for Sergio Laurel's transcript, and $974.55 for the deposition transcripts of Vincent Blackwell, Angela Ford, Timothy Wood, and Michelle Myers. In addition, plaintiff is entitled to recover $132.30 for the transcript of the December 18, 2007 hearing in Blackwell's criminal case.

In sum, plaintiff is entitled to recover $2,094.60 for deposition and transcript fees.

**4.      Witness Fees**

---

[2] We note that Jensen Reporting gave discounts on the invoices for both Kalinowski's and Cardona's depositions. When these discounts are taken into account, the total charge per page still exceeds the $3.65 maximum for each deponent.

Pursuant to § 1920(3), prevailing parties may recover witness fees. 28 U.S.C. § 1920(3). The statutory limit for payment to a witness is $40.00 per day plus reasonable travel and subsistence expenses. 28 U.S.C. § 1821(b) and (c). Plaintiff has requested $45.00 in witness fees and mileage for Michelle Myers' trial testimony. We find that these fees are reasonable and recoverable.

### 5. Photocopying Fees

Pursuant to § 1920(4), charges for "the exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case" are recoverable. 28 U.S.C. § 1920(4). The prevailing party is "not required to submit a bill of costs containing a description so detailed as to make it impossible economically to recover photocopying costs." *Northbrook Excess & Surplus Ins. Co. v. Proctor & Gamble*, 924 F.2d 633, 643 (7th Cir. 1991). Instead, the prevailing party need only provide "the best breakdown obtainable from retained records." *Id.* A charge of $0.20 per page is within the range of $0.10 to $0.20 per page that courts in this district have found to be reasonable. *Harkins v. Riverboat Servs., Inc.*, 286 F. Supp. 2d 976, 982 (N.D. Ill. 2003).

Here, plaintiff seeks $647.40 in copying costs. Plaintiff has submitted a detailed itemization of the fees for copies of papers necessarily obtained for use in this case. Defendants object to the costs associated with extra copies of court filings, plaintiff's trial exhibit books, and plaintiff's jury instructions. Charges for discovery and court copies are recoverable, but charges for copies made for attorney convenience are not. *See, e.g., Kulumani v. Blue Cross Blue Shield Ass'n*, 224 F.3d 681, 685 (7th Cir. 2000).

With respect to the extra copies of court filings, plaintiff seeks recovery for two

6

copies of each filing. We find that a copying charge for one or two copies of the various papers that have been filed or served in this case is reasonable and not excessive. *See Kulumani*, 224 F.3d at 685 ("Two copies of every document filed with the court or provided to opposing counsel makes sense; it is easy to see why each is useful."). However, we agree with defendants that the costs for photocopying court filings should be reduced by $0.40 because the status report filed on October 15, 2010 was one page rather than two.

With respect to the copies of the exhibit books, we find that plaintiff is entitled to recover $348.60 for three copies of the books. Two of the copies were required by this Court. The third was certainly required by either plaintiff's counsel herself (as exhibit books are not submitted electronically prior to trial) or by her trial partner, Mr. James L. Bowers, who works at a separate law firm. Therefore, we find that the third copy of the exhibit book was necessarily obtained for use in this case.

Plaintiff also seeks to recover $52.80 for twelve copies of exhibit books for the jury (*i.e.*, copies of those exhibits that were actually admitted at trial). While only one copy of the final exhibit book was sent back with the jury to use during deliberations, it is not clear whether we informed plaintiff's counsel that this was our typical procedure. Accordingly, we find that it would be unfair to discount these costs.

Finally, defendants' argument about the costs associated with extra copies of the jury instructions is completely without merit. This Court told plaintiff's counsel to make 18 copies of the jury instructions. We find that it is helpful for each juror to have a copy of the instructions in front of them as they are read aloud. Accordingly, plaintiff is entitled to recover the entire $140.40 for copies of the jury instructions.

In sum, plaintiff is entitled to recover $647.00 in photocopying fees.

### 6. Other Itemized Costs

Plaintiff seeks $38.45 for costs associated with obtaining: (1) the court file in Blackwell's underlying criminal case ($21.45); (2) his Illinois Secretary of State driving record ($12.00); and (3) a cellular telephone bill ($5.00). Defendants do not object to the costs for the driving record or the cellular telephone bill. We find that these costs are reasonable and recoverable.

Defendants do object to the costs associated with obtaining the criminal court file. They argue that plaintiff submitted no evidence with his bill of costs that he ordered and/or paid for a copy of the criminal court file. We disagree. Plaintiff's counsel signed an affidavit with an itemization of all of the costs incurred in this case. She included $21.45 for obtaining the criminal court file on the itemization. Defendants have not met their burden of an affirmative showing that this taxed cost is not appropriate. *Beamon*, 411 F.3d at 864. Moreover, we find that the criminal court file was reasonable and necessary to the litigation. Accordingly, plaintiff is entitled to recover the entire $38.45 for other itemized costs.

**CONCLUSION**

For the reasons stated above, pursuant to Fed. R. Civ. P. 54(d)(1) and 28 U.S.C. § 1920, plaintiff's bill of costs [114] is granted in part and denied in part. Defendants shall pay plaintiff $3,230.05 in costs. It is so ordered.

ENTERED:

_____
**MICHAEL T. MASON**
**United States Magistrate Judge**

**Dated: August 11, 2011**