UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VINCENT E. BLACKWELL and ANGELA FORD, <br><br> Plaintiffs, <br><br> v. <br><br> ANDREW P. KALINOWSKI, P. W. RYSZKA (Star No. 12561), KEVIN A. BOYER, TIM E. WOOD, SERGIO LAUREL, MIRABEL CARDONA, and CITY OF CHICAGO, <br><br> Defendants. | ) ) ) ) ) ) Case No. 08 C 7257 ) ) Magistrate Judge Michael T. Mason ) ) ) ) ) ) ) |

**PLAINTIFF'S SECOND MOTION FOR AN ORDER GRANTING LEAVE TO FILE ATTORNEYS' FEES PETITION WITHOUT FILING JOINT STATEMENT AND AN ORDER DEEMING DEFENDANTS' OBJECTIONS WAIVED**

Plaintiff, Vincent E. Blackwell, by and through his attorneys, Irene K. Dymkar and James L. Bowers, hereby moves this Court again for an order granting leave to file his attorneys' fees petition without filing a joint statement and deeming defendants' objections waived. In support therefore, plaintiff alleges:

1) A trial of this matter commenced on May 2, 2011. On May 16, 2011, judgment was entered against defendants Andrew P. Kalinowski and Pawel W. Ryszka on the false arrest count and against defendants Kalinowski, Ryszka, and City of Chicago on the malicious prosecution count. The jury awarded plaintiff Vincent E. Blackwell $5000 in damages on the false arrest count and $0 in damages on the malicious prosecution count. As the prevailing party, plaintiff Blackwell is entitled to fees and costs.

2) Defendants continue not cooperating to resolve attorneys' fees issues and plaintiff therefore asks for leave to file his attorneys' fees petition without filing the joint statement and also for an order deeming defendants' objections waived.

**Instructions from the Court Not Followed**

3) On June 27, 2011, plaintiff filed a motion seeking instructions from the Court because it appeared that the procedures for a fees motion set forth in Local Rule 54.3(g)(2) could

not be followed within the time limits established by the rule because of the failure of defendants to provide information required by the rule.

    4) In plaintiff's motion seeking instructions, plaintiff reported the following:

        a) Pursuant to Local Rule 54.3(d), on May 27, 2011, plaintiff's counsel hand-delivered extensive and detailed time and work records for plaintiff's attorneys and paralegal in this case, as well as a statement of the hourly rates claimed, through the end of the trial of this matter. The time and work records do not include time expended since the end of the trial defending the verdict or prosecuting the petition for attorneys' fees.

        b) On June 2, 2011, plaintiff's counsel asked defense counsel and supervising attorney in this case, Alec McAusland, in person, whether the parties could discuss the request for fees and whether defense counsel would be submitting their own time and work records. Mr. McAusland said that defense counsel had not kept time and work records and also that he was not able to discuss the request for fees at that time.

        c) On June 16, 2011, plaintiff's counsel called and left a voice message for Mr. McAusland and also for co-counsel Erica Hokens, reminding them that their response was due on June 17, 2011, and inquiring as to whether counsel could discuss and negotiate this matter. Neither attorney returned the call.

        d) On June 17, 2011, defense co-counsel, Thomas J. Aumann, faxed a letter, acknowledging receipt of the request for fees, but labeling the request "premature," in that the case was still "open."

    5) The Court issued an order on July 25, 2011, stating: The defendants shall provide the information required by Local Rule 54.3(d)(5) to plaintiff's counsel by 8/8/11."

6) On August 8, 2011, defense counsel sent plaintiff's counsel a letter stating a) that the Corporation Counsel's office does not maintain time and work records, 2) that "as for disputing specific hours, the defendants will rely on the knowledge of their attorneys of the litigation," and 3) that the City of Chicago pays outside defense counsel $35,000 a case, plus a $15,000 winning bonus, when the case is "uncomplicated." Letter is attached as Exhibit A.

7) On August 9, 2011, plaintiff's counsel sent defense counsel a letter stating that she considered defendants' response as a waiver of any objections to the time and work records of plaintiff's counsel. The letter notes that the Corporation Counsel has embraced the Laffey Matrix when petitioning for its own attorneys' fees, giving examples. The letter further notes that in cases in which outside defense counsel may have spent only five - ten hours defending a case before dismissal, the hourly rate is $5,000 - $10,000 an hour. The letter inquires as to whether the City would vouch that this is a reasonable hourly rate. Letter is attached as Exhibit B.

8) In plaintiff's counsel's letter, she stated that in order to intelligently discuss the actual hourly rate the City pays, plaintiff would have to have discovery regarding the contracts, reports, and other documents pertaining to payment to outside firms for so-called "uncomplicated" cases.. Plaintiff made a request for the following information:

    1) The hourly rate paid to each of the attorneys who worked on this case.

    2) The names of all private firms that have entered into contracts to defend cases under the $35,000/$50,000 arrangement.

    3) The number of cases assigned to each of these firms, when they were assigned, the names of the cases, and the outcomes of the cases.

    4) Copies of all contracts and any supplemental agreements with these firms.

    5) All proposals or bids made by these firms and other firms to obtain the contracts.

    6) All internal memoranda regarding "uncomplicated" cases and "complicated" cases, including the rationale behind outsourcing or not outsourcing the work in each case.

3

7) All internal memoranda regarding the rules and procedures for defining an "uncomplicated" case and a "complicated" case.

8) All reports evaluating the efficacy and economics of the flat fee arrangement in general or with individual firms, whether generated by the City or by the private firms.

9) Any reports or communication from private firms or internal memorandum regarding the hourly rate actually earned by attorneys in the private firms under the flat fee arrangement.

10) The names of all private firms that have entered into contracts to defend cases under the "complicated" case, hourly rate, arrangement.

11) The number of cases assigned to each of these firms, when they were assigned, the names of the cases, and the outcomes of the cases.

12) Copies of all contracts and any supplemental agreements with these firms.

13) All proposals or bids made by these firms and other firms to obtain the contracts.

14) Since this case pre-dates the outsourcing arrangement, which I believe began in 2008, copies of all contracts for firms to defend federal civil rights cases in effect in 2007 and 2008, including terms for hourly rates.

15) Reports of all payments made to private firms by the City for defending federal civil rights cases from 2007 to present.

9) On August 11, 2011, defense counsel responded by letter in a conclusory manner that the "flat fee" was reasonable and did not have to be justified. Defense counsel refused to provide any of the documentation requested. Letter is attached as Exhibit C.

10) On August 12, 2011, plaintiff's counsel called defense counsel Erica Hokens to discuss this matter, but could not persuade her to engage in a meaningful conversation about hours and rates.

11) Local Rule 54.3(d)(5) requires the respondent to disclose their own time and work records and also, "any evidence the respondent will use to opposed the requested hours, rates, or related nontaxable expenses."

12) Defendants have now twice failed to comply with the local rule. They have not submitted their own time and work records. They have not made any objections to the hours

4

listed in plaintiff's counsel's time and work records. They have produced no evidence of what hourly rate they believe is reasonable for plaintiff's counsel, and no evidence supporting why that rate is reasonable.

13) Defendants insist that a "flat fee" is what they should be paying, but are not willing to give evidence of why a flat-rate, no-risk, guaranteed fee negotiated in large volume with defense firms who employ recent law school graduates to do the bulk of the work is reasonable for plaintiff's counsel, each with almost 35 years of trial experience.

14) The next step according to the local rule would be to prepare a joint statement. Local Rule 54.3(e). However, it is impossible to do so, because the joint statement is supposed to be the work product after an exchange of information about the City of Chicago's position regarding "compensable hours" and "appropriate rates," which has not occurred.

15) Defendants are being obstructionist and they have now been given two chances to comply with the Local Rule. They have ignored the court's order of July 25, 2011. Plaintiff therefore asks the court to deem defendants' objections to plaintiff's time and work records and proposed hourly rate waived. Plaintiff further asks for leave to file his attorneys' fees petition for approval by the court and an award of fees, barring defendants from being allowed to assert objections because of their waiver.

WHEREFORE, plaintiff, Vincent E. Blackwell, hereby moves this Court for an order for an order granting leave to file his attorneys' fees petition without filing a joint statement and deeming defendants' objections waived.

Dated: August 15, 2011                    /s/    Irene K. Dymkar
                                                 Irene K. Dymkar

Attorneys for Plaintiffs:

Irene K. Dymkar                           James L. Bowers
300 W. Adams Street, Suite 330            631 N. Central
Chicago, IL 60606-5107                    Chicago, IL 60644-1507
(312) 345-0123                            (773) 379-9262